Peter J. Schulz, Esq. (SBN 167646)
pjs@gtlaw.cc
GRECO TRAFICANTE SCHULZ & BRICK
600 West Broadway, Suite 960
San Diego, California 92101
Tel:   (619) 234-3660
Fax:   (619) 234-0626

Attorneys for Defendant TARGET CORPORATION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN CHRISTENSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No.: **'17 CV1844 GPC JMA**<br><br>**TARGET CORPORATION'S NOTICE OF REMOVAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

NOTICE IS HEREBY GIVEN that pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendant TARGET CORPORATION ("TARGET"), a Minnesota corporation, through its undersigned counsel, hereby removes to this Court the State Court action described herein and pleads the following grounds for removal:

1.  This action was commenced on or about August 4, 2017, by the filing of a complaint against TARGET in the Superior Court of the State of California, San Diego County, entitled <u>Erin Christensen v. Target Corporation</u>, Case No. 37-2017-00028908-CU-PO-CTL (the "State Court action").

2.  Plaintiff ERIN CHRISTENSEN was a customer at the Escondido TARGET store located at 280 E. Via Rancho Parkway in Escondido, California,

1  where she claims to have been injured when she slipped and fell, causing injury
2  to Plaintiff.  The complaint alleges that Defendant TARGET failed to maintain
3  its premises was due care so as to avoid unreasonable conditions that could cause
4  injury to customers.  The State Court action complaint seeks an unspecified amount
5  of economic and non-economic damages for negligence.  True and correct copies
6  of the summons and complaint in the State Court action are attached hereto as
7  **Exhibit "A."**

8       3.    TARGET was served with the summons and complaint on or
9  about August 14, 2017, and on September 7, 2017, TARGET filed an answer to
10 the complaint in the State Court action.  A true and correct copy of Target's answer
11 is attached hereto as **Exhibit "B."**

12      4.    On August 14, 2017, Plaintiff served a Statement of Damages seeking
13 $6,000,000 in medical expenses to date, loss of earnings and future earning capacity,
14 and non-economic damages according to proof.  A true and correct copy of
15 Plaintiff's Statement of Damages is attached hereto as **Exhibit "C."**

16      5.    Plaintiff's Statement of Damages was received on August 16, 2017,
17 and was the first detailed claim for damages in this action and, as such, was the
18 first paper from which TARGET could ascertain that the case is one which is or
19 has become removable.  Accordingly, this Notice of Removal is timely filed under
20 28 U.S.C. § 1446(b)(3).  **Exhibits "A," "B,"** and **"C"** constitute all of the pleadings
21 in the State Court action.

22      6.    Although Plaintiff's Statement of Damages is not part of her
23 complaint, it carries more weight than a typical settlement demand or an informal
24 correspondence between the parties.  Pursuant to California Code of Civil Procedure
25 §§ 425.10 and 425.11, a plaintiff in a personal injury or wrongful death action may
26 not include a specific damages prayer in his or her complaint, but, upon request by
27 the defendant, must provide a detailed statement of damages within fifteen days.
28 Cal. Code Civ. Proc. §§ 425.10, 425.11.  The purpose of section 425.11 is to give

the defendant specific notice of damages sought by the plaintiff in a document that is separate from both the complaint and existing informal mechanisms such as settlement conference statements.  See Debbie S. v. Ray, 16 Cal.App.4th 193, 198 (1993).  Accordingly, a statement of damages pursuant to section 425.11 is normally viewed as a serious estimate of the damages in a given case.

7. Upon information and belief, Plaintiff was, at the time the complaint was filed, and still is, an individual residing in the County of San Diego, California, and is therefore deemed a citizen of California.

8. TARGET, the only defendant named in the complaint, was, at the time the complaint was filed, and still is, a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota, and is therefore deemed a citizen of Minnesota.

9. Because the only real and substantial parties to this litigation were and are citizens of the states of California and Minnesota, and not the same state, complete diversity of citizenship of the parties exists.

10. Plaintiff alleges that as a result of TARGET's negligence, she was injured and sustained economic and non-economic damages totaling $6,000,000.  Therefore, by way of these claims, the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.  In addition, this is an action which may be removed pursuant to 28 U.S.C. § 1441(a).

12. TARGET will promptly file a removal notice, together with a copy of the instant Notice of Removal, with the Clerk of the Superior Court of the State of California, San Diego County, and will serve written notice on counsel of record for Plaintiff.

/././

1    WHEREFORE, for the foregoing reasons, TARGET hereby gives notice that
2  the referenced action is removed in its entirety from the Superior Court for the State
3  of California, San Diego County, to the United States District Court for the Southern
4  District of California, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446.

6  Dated:  September 12, 2017           GRECO TRAFICANTE SCHULZ & BRICK

8                                      By:   *s/ Peter J. Schulz*
9                                            Peter J. Schulz, Esq.
                                              Attorneys for Defendant
10                                            TARGET CORPORATION