# EXHIBIT "B"

Peter J. Schulz, Esq. (SBN 167646)
pjs@gtlaw.cc
GRECO TRAFICANTE SCHULZ & BRICK
600 West Broadway, Suite 960
San Diego, California 92101
Tel: (619) 234-3660
Fax: (619) 234-0626

Attorneys for Defendant TARGET CORPORATION

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2017 SEP -7 P 3: 10

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| ERIN CHRISTENSEN,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, and DOES 1 through 10,<br><br>    Defendants. | Case No.: 37-2017-00028908-CU-PO-CTL<br><br>**TARGET CORPORATION'S ANSWER TO COMPLAINT**<br><br>**\*\*IMAGED FILE\*\***<br><br>**Dept.:** C-65<br>**Judge:** Joan M. Lewis<br>**Filed:** August 4, 2017<br>**Trial:** TBD |

Defendant TARGET CORPORATION hereby answers the complaint of Plaintiff ERIN CHRISTENSEN ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation and cause of action contained within the complaint, and further denies that Plaintiff is entitled to relief in any form, fashion, or amount by way of the complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Fails To State)

1. The complaint and every purported cause of action therein fail to set forth facts sufficient to state a cause of action.

2017 SEP 7 PM 2:38

## SECOND AFFIRMATIVE DEFENSE

### (Comparative Negligence)

2. At all times and places set forth in the complaint, Plaintiff failed to exercise ordinary care on her own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of in this action. Plaintiff's recovery therefore against this answering Defendant should be barred or reduced according to principles of comparative negligence.

## THIRD AFFIRMATIVE DEFENSE

### (Assumption of Risk)

3. At all times and places of the incident alleged in Plaintiff's complaint, Plaintiff knew of the danger and risk incident to Plaintiff's undertaking, but despite such knowledge, Plaintiff freely and voluntarily assumed and exposed Plaintiff to all risk of harm and consequential injuries and damages, if any, therefrom, thereby barring Plaintiff's recovery.

## FOURTH AFFIRMATIVE DEFENSE

### (Negligence of Third Parties)

4. At all times and places set forth in the complaint, parties, other than this answering Defendant, failed to exercise ordinary care on their own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of by Plaintiff in this action. The fault, if any, of this answering Defendant should be compared with the fault of the other Defendants and damages, if any, should be apportioned among the Defendants in direct relation to each Defendant's comparative fault. This answering Defendant should be obligated to pay only such damages, if any, which are directly attributable to its percentage of comparative fault. To require this answering Defendant to pay any more than its percentage of comparative fault violates the equal protection and due process clauses of the Constitution of the United States and similar provisions of the Constitution of the State of California.

/././

/././

## FIFTH AFFIRMATIVE DEFENSE
### (Unavoidable Accident)

5. The damages complained of, if any, were the result of an unavoidable accident insofar as Defendant is concerned, and occurred without any negligence, want of care, default or other breach of duty to Plaintiff on the part of Defendant.

## SIXTH AFFIRMATIVE DEFENSE
### (Intervening, Supervening and Superseding Causes)

6. The injuries and damages of which the Plaintiff complains were proximately caused or contributed to by the acts of other Defendants, persons, and/or entities. Said acts were an intervening, supervening, and superseding cause of the injuries and damages, if any, of which the Plaintiff complains, thus barring Plaintiff from any recovery against this answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

7. The causes of action alleged in the complaint are barred by the applicable statutes of limitations, including, but not limited to, the provisions of sections 335.1, 337.1, 337.15, 338, 340 and 343 of the Code of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE
### (Damages Caused by Acts or Omissions Beyond Defendant's Control)

8. The damages sustained by Plaintiff, if any, were proximately caused by the acts, omissions, negligence, fraud, and/or breach of obligations by persons other than Defendant and beyond Defendant's supervision and control.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Dangerous Condition)

9. There was no dangerous condition which caused Plaintiff to injure herself.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Actual or Constructive Notice of Dangerous Condition of Property)

10. Defendant did not have actual or constructive notice of the alleged dangerous condition a sufficient time before the accident within which measures could have been taken to

TARGET CORPORATION'S ANSWER TO COMPLAINT          Exhibit B, p. 9

protect against the dangerous condition.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

11. Plaintiff has engaged in conduct with respect to the activities and/or property which are the subject of the complaint, and by reason of said activities and conduct, is estopped from asserting any claim for damages or seeking any other relief against this answering Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Acts of Fictitiously Named Defendants)

12. This answering Defendant is not legally responsible for the acts and/or omissions of those Defendants fictitiously named herein as Does 1 through 10.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Act of God)

13. Any and all events, happenings, injuries and damages, if any, as alleged in the complaint, were a direct result of an unforeseeable act of God.

## FOURTEEN AFFIRMATIVE DEFENSE

### (Set-Off to Recovery)

14. This answering Defendant is entitled to a set-off as a result of any recovery made by Plaintiff from any other party, in connection with the damages claimed in this lawsuit.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Not an Agent, Servant or Representative)

15. This answering Defendant neither was, nor is, an agent, servant, representative, employee, partner or joint-venturer with any of the other Defendants named herein.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

16. Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on Plaintiff's own part, or by expenditures that might reasonably have been made and, therefore, Plaintiff's recovery, if any, should be reduced by the failure of the

Plaintiff to mitigate her damages, if any there be.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

17. This answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Accordingly, this answering Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Non-Economic Damages)

18. Defendant's liability for non-economic damages, if any, is limited to that percentage of those damages which are in direct proportion of Defendant's percentage of fault in accordance with Civil Code section 1431.2(a).

### NINETEENTH AFFIRMATIVE DEFENSE

19. Defendant is informed and believes and thereon alleges that the complaint filed against this answering Defendant was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the acts and the law which warranted the filing of the complaint against this answering Defendant, and the Plaintiff would therefore be responsible for this answering Defendant's necessary and reasonable defense costs, including attorneys' fees, as more particularly set forth in California Code of Civil Procedure section 1038.

Accordingly, no damages may be assessed against this answering Defendant.

/./././
/./././
/./././
/./././
/./././
/./././
/./././
/./././

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff takes nothing by way of her complaint;
2. Defendant is entitled to its costs of suit incurred herein;
3. For such other and further relief as the Court may deem just and proper.

Dated: September 6, 2017      GRECO TRAFICANTE SCHULZ & BRICK

By: _____
Peter J. Schulz, Esq.
Attorneys for Defendant TARGET CORPORATION

| | |
|---|---|
| Peter J. Schulz, SBN 167646<br>GRECO TRAFICANTE SCHULZ & BRICK<br>600 West Broadway, Suite 960<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 234-3660   FAX NO.: (619) 234-0626<br>E-MAIL: pjs@gtlaw.cc<br>ATTORNEYS FOR: Defendant TARGET CORPORATION | FOR COURT USE ONLY<br><br>FILED<br>CIVIL BUSINESS OFFICE 9<br>CENTRAL DIVISION<br><br>2017 SEP -7 P 3: 10<br><br>CLERK-SUPERIOR COURT |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>330 West Broadway, San Diego, CA 92101<br>Central Division | |
| ERIN CHRISTENSEN v. TARGET CORPORATION, et al. | CASE NUMBER:<br>37-2017-00028908-CU-PO-CTL |
| **PROOF OF SERVICE – CIVIL** | JUDGE: Joan M. Lewis<br>DEPT.: C-65 |

I am employed by the law firm of Greco Traficante Schulz & Brick, whose address is 600 West Broadway, Suite 960, San Diego, California, 92101. I am over the age of eighteen and I am not a party to this action.

On September 6, 2017, I caused the following document(s) to be served:

1. **TARGET CORPORATION'S ANSWER TO COMPLAINT**

☒ **Via United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons listed on the Service List below and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Diego, California.

☐ **Via Electronic Filing/Service.** Based on a Court order and/or agreement of the parties to accept service electronically, I caused the above-entitled documents to be served to the persons listed on the Service List below.

☐ **Via Personal Service.** I personally delivered the documents to the persons at the addresses listed on the Service List below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **Via Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses on the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 6, 2017, at San Diego, California.

_____
Kinë Benrûbi

2017 SEP 7 PM 2:38

---

**PROOF OF SERVICE**                                                                                          Exhibit B, p. 13

| CASE NAME: | CASE NUMBER: |
|---|---|
| ERIN CHRISTENSEN v. TARGET CORPORATION, et al. | 37-2017-00028908-CU-PO-CTL |

## SERVICE LIST

| Counsel of Record | E-mail / Telephone / Fax | Party |
|---|---|---|
| Andy Van Le, Esq.<br>Roberto D. Quiroga, Esq.<br>ANDY VAN LE & ASSOCIATES<br>401 West A Street, Suite 1615<br>San Diego, CA  92101 | info@accidentlawctr.com<br>roberto.dominguez.quiroga@gmail.com<br><br>Tel:     (619) 525-0001<br>Fax:    (619) 525-0009 | Plaintiff<br>ERIN CHRISTENSEN |